UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sandi C.,

      Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

      Respondents.

File No. 26-cv-422 (ECT/ECW)

**OPINION AND ORDER**

Claire Glenn, Climate Defense Project, Minneapolis, MN, for Petitioner Sandi C.

Ana H. Voss and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

      Petitioner Sandi C. is a Venezuelan citizen who has lived in the United States for more than two years. Pet. [ECF No. 1] ¶ 12. Sandi "entered the United States in September 2023 and immediately requested asylum." *Id.* ¶ 13. Sandi's "asylum proceedings are ongoing" and he "has a valid work permit issued by Respondents." *Id.* On January 18, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Sandi in front of his home in St. Paul, Minnesota, as part of "Operation Metro Surge." *Id.* ¶¶ 12, 15, 17. Sandi was taken to "an unknown location." *Id.* ¶¶ 15, 20; *accord id.* ¶ 7 (alleging "[u]pon information and belief, [Sandi] is currently in ICE custody at an undisclosed

location"); *but see* ECF No. 6 at 1 (asserting that Sandi "is currently detained within the District of Minnesota by ICE"), *and* ECF No. 7 at 2 ("It has also [come] to undersigned counsel's attention that Respondents have or may soon move [Sandi] outside of the District of Minnesota."). Sandi "has no criminal record." Pet. ¶ 14.[1]

Here, Sandi challenges his detention under 28 U.S.C. § 2241. Pet. ¶¶ 2, 4. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 27–29; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Sandi, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. § 1225(b)(2), and the Administrative Procedure Act. Pet. ¶¶ 30–47. He seeks an order granting his release because "the law that Respondents are using to detain [him] simply does not apply so as to authorize [his] detention"; alternatively, an order requiring Respondents to hold a bond hearing pursuant to 8 U.S.C. § 1226(a); an order enjoining Respondents from transferring Sandi out of this District pending the resolution of his habeas petition; and "any other and further relief that this Court may deem just and proper." Pet. ¶¶ 48–54; *id.* at 14.

In a two-paragraph response, Respondents state that Sandi is subject to detention pursuant to § 1225(b)(2)(A) because Sandi "falls under the statutory definition of an

---

[1] Neither party provided the Court with Sandi's Notice to Appear or the other paperwork we've usually received in these cases. In this case, it doesn't matter. In their very brief response to Sandi's habeas petition, Respondents did not contest any of the facts alleged in the Petition. *See* ECF No. 6.

'applicant for admission,' and an examining immigration officer has determined that [Sandi] is 'not clearly and without a doubt entitled to be admitted.'" ECF No. 6 at 1 (first quoting 8 U.S.C. § 1225(b)(1); and then quoting 8 U.S.C. § 1225(b)(2)(A)). Respondents also state that Sandi's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argues that the petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). ECF No. 6 at 1. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Sandi has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir.

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Sandi's petition by way of their response in *Avila*, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025).  Sandi has lived in the United States for over two years.  His detention falls under § 1226 and not § 1225(b)(2).

Respondents do not argue that Sandi is subject to § 1225(b)(2)(A) due to the fact Sandi immediately sought asylum upon his entry into the United States.  *See* ECF No. 6. In the absence of any argument, and without more facts relating to Sandi's request for asylum, I see no reason to depart from my decisions in *Misael v. Bondi*, No. 26-cv-263 (ECT/EMB), 2026 WL 146510, at *2 (D. Minn. Jan. 20, 2026), and *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026), and I conclude that Sandi's pending asylum application alone does not change the conclusion that his detention falls under § 1226.  Sandi is subject to discretionary detention and entitled to a bond hearing.[3]

---

[3]   The resolution of this statutory-interpretation question in Sandi's favor makes it unnecessary to address the Petition's remaining grounds.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Sandi C.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 25, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court